UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RODERICK WHITENER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-527 CAS |
| ) | |
| GLEN BLADE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended complaint, which this Court is obligated to review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, an employee of Washington School District, filed the instant action solely against his supervisor, Glen Blade, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.[1] In the body of the amended complaint, plaintiff alleges that he was discriminated against and/or harassed on the basis of his race when he was repairing a basketball goal and defendant Blade made and showed him a "hangman's noose."

The Court finds that plaintiff's amended complaint is legally frivolous and/or fails to state a claim for relief. Plaintiff has named only his supervisor, Mr. Blade, as a defendant in this action. As stated in the Court's April 28, 2008 Memorandum and Order, supervisors cannot be held individually liable for damages under Title VII. See, e.g., Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999) (citing Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist., 121 F.3d 446, 447 (8th

---

[1] In the original complaint, plaintiff stated that he was bringing the action pursuant to Title VII as well as the Rehabilitation Act. Plaintiff has not stated the statutory basis for his claims in the amended complaint. Because plaintiff has alleged only racial discrimination in the body of his complaint, the Court interprets the complaint as proceeding under Title VII.

Cir. 1997)). As such, plaintiff's amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915.[2]

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to be issued upon the amended complaint as it is legally frivolous and/or fails to state a claim.

A separate Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of June, 2008.

---

[2]The Court notes that although plaintiff attached a notice of right to sue from the Missouri Commission on Human Rights, he has not indicated a desire to proceed against defendant Blade under the Missouri Human Rights Act. To the extent plaintiff is attempting to raise state law claims against defendant Blade, said claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).